UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
HOWARD E. LEVENTHAL,                                           :
                                                               : **MEMORANDUM AND ORDER**
              Plaintiff,                                  :
                                                               : 16 Civ. 3677 (BMC)
              - against -                                 :
                                                               :
WINSTON PAES,                                                  :
                                                               :
              Defendant.                                  :
-------------------------------------------------------------- X

**COGAN,** District Judge.

*Pro se* plaintiff Howard E. Leventhal, currently incarcerated at the Metropolitan Detention Center, brings this action under the federal Freedom of Information Act, 5 U.S.C. § 552, et seq. ("FOIA" or "the Act"). Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, the complaint is dismissed.

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read a plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (noting that under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999); 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Plaintiff filed this action against Winston Paes, the Assistant United States Attorney assigned to plaintiff's pending criminal action in this Court. See USA v. Leventhal, 13-CR-695 (BMC). Plaintiff states that, in December 2015, he filed three separate FOIA demands upon Mr. Paes requesting various pieces of information related to his criminal case. In the instant action, plaintiff alleges that Mr. Paes failed to comply with his requests in violation of FOIA.

However, FOIA applies only to federal agencies. The Act defines an agency as any executive department, military department, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency. 5 U.S.C. § 552(f). The defendant named herein is not a federal agency and is therefore not required to provide information or documents pursuant to FOIA. See Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473 (2d Cir. 1999); Thomas v. Office of the U.S. Attorney, for the E. Dist. of New York, 928 F.Supp. 245 (E.D.N.Y. 1996);

2

see also Ostheimer v. Chumbley, 498 F.Supp. 890, 891 (D. Mont. 1980) ("[n]o right of action is created as to employees of an agency").

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915A. In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant leave to amend the complaint, but finds that amendment would be futile as plaintiff has not filed a proper FOIA request. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
 July 27, 2016